UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.  4:22 CR 538 RWS |
| DELSHANAE J. BROWN, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

On June 10, 2025, Defendant Delshanae Brown filed a motion for a reduction of her sentence under 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release.  Brown asks for a reduced sentence based on the 10-to-1 sentencing disparity between actual methamphetamine and mixtures of methamphetamine in the United States Sentencing Guidelines.  I will deny Brown's motion because the sentence she received is well below the guideline range even for a mixture of methamphetamine.

On October 5, 2022, Brown was indicted for knowingly and intentionally attempting to possess, with the intent to distribute, 500 grams or more of a mixture containing a detectable amount of cocaine (Count I) and for knowingly and intentionally attempting to possess, with the intent to distribute, 50 grams or more of *actual* methamphetamine (Count II).  On December 21, 2023, Brown pleaded

1

guilty to Count II, knowingly in possession with the intent to distribute *actual* methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). In her plea agreement Brown acknowledged that she was accountable for 997.6 grams of cocaine and 4,749 grams of actual methamphetamine. These drug amounts were calculated under the guideline to equal 95,179.52kg of converted drug weight (997.6 grams of cocaine x 0.2 kg = 199.52kg plus and 4,749 grams of actual methamphetamine x 20kg = 94,980.00kg for a total of 95,179.52kg).[1] Based on a converted drug weight of 95,179.52kg, Brown's base offense level was a 38. U.S.S.G. § 2D1.1(c)(1). Two points were deducted from the base offense level under U.S.S.G. § 2D1.1(b)(18) and an additional three points were deducted for her acceptance of responsibility. U.S.S.G. § 3E1.1(a) and (b). Brown's total offense level was a 33 after these five points were deducted.[2] Brown's criminal history category was II. The Guideline's Sentencing Table provided a sentencing range of 151-188 months imprisonment. The statutory provision was not more than 20 years imprisonment. 21 U.S.C. § 841(b)(1)(C). On March 28, 2024, I sentenced Brown to 66 months of imprisonment. This sentence was a substantial variance below the guideline range.

---

[1] See U.S.S.G. § 2D1.1 Commentary 8(D).
[2] In her plea agreement Brown acknowledged that her total offense level would be a 33 at a minimum.

Brown's present motion seeks a sentence reduction based on the 10-to-1 sentencing disparity between offenses involving *actual* methamphetamine verses offenses involving mixtures of methamphetamine. Under the guidelines 1 gram of a mixture of methamphetamine is equal to a converted drug weight of 2 kg.[3] However, 1 gram of actual methamphetamine is equal to a converted drug weight of 20kg. The Guidelines impose a 10-to-1 sentencing ratio between actual methamphetamine and a mixture of methamphetamine offenses. If Brown's guideline sentence had been calculated using the mixture of methamphetamine category her base offense level would have been a 32 and her total offense level would have been a 27. Based on her criminal history category of II, the Guideline's Sentencing Table provides a sentencing range of 78-97 months imprisonment. Brown's sentence of 66 months is still below that guideline range even if she had been sentenced based on a mixture of methamphetamine offense.

Brown's criminal conduct involved a very large quantity of cocaine and methamphetamine. If Brown had proceeded to trial and been found guilty based on the quantity of drugs she possessed she would have faced a minimum ten-year sentence. The sentence she received was below the guideline range for either an actual methamphetamine or a mixture of methamphetamine offense. There are no

---

[3] The term converted drug weight was previously called the "marihuana equivalency."

3

grounds for a further reduction of her sentence based on the 10-to-1 sentencing ratio between these offense categories.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Delshanae Brown's motion for a sentence reduction [77] is **DENIED**.

                                               RODNEY W. SIPPEL
                                               UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2026.